UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY A. NICKLESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11-CV-1514 CAS ) ) |
| SAINT GOBAIN CONTAINERS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff, a former employee of defendant Saint Gobain Containers, brings this suit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., ("ADA") alleging discrimination based on age and disability. Plaintiff also alleges a claim of retaliation. Plaintiff is proceeding pro se, and he has filed his complaint using the district's form complaint for claims of employment discrimination. The matter is before the Court on defendant's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and Rule 12(b)(6) motion to dismiss for failure to state a claim. In its motion, defendant argues the Court should dismiss plaintiff's claim of retaliation because he failed to exhaust his administrative remedies. Defendant also argues plaintiff has failed to state a claim of discrimination under the ADA. Defendant has not moved to dismiss plaintiff's claim of age discrimination. Plaintiff opposes defendant's motion and filed a response memorandum, to which defendant filed a reply. The motion is fully briefed and ready for disposition. For the following reasons, defendant's motion to dismiss will be granted in part and denied in part.

*I. Background*

Plaintiff Randy A. Nickless, who is proceeding pro se, was at all relevant times employed by Saint Gobain Containers in Pevely, Missouri. According to a charge of discrimination, which was attached to plaintiff's complaint, plaintiff was employed by defendant for over 28 years, and at the time of his discharge he was working as a warehouse loader. Plaintiff states in his complaint that he was falsely accused of sleeping on the job on April 3, 2010. Plaintiff was suspended and eventually discharged on April 12, 2010. Plaintiff alleges in his complaint that defendant terminated his employment because he had filed a grievance for overtime pay he was due. He also claims he was fired because of his age and disability. Plaintiff states that he was 52 years old at the time of his termination, and that he and another older worker were disciplined while a younger worker, who was with him at the time, received no disciplinary action. Plaintiff also states in his complaint that he is diabetic.

On January 28, 2011, plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). On January 31, 2011, plaintiff also filed a formal charge of discrimination with the Missouri Commission on Human Rights ("MCHR") alleging age and disability discrimination. The EEOC issued a notice of right to sue on June 16, 2011, and plaintiff filed this suit on August 31, 2011.

In the motion to dismiss presently before the Court, defendant argues plaintiff's claim of retaliation should be dismissed for lack of jurisdiction because plaintiff failed to file a charge of discrimination with the MCHR or EEOC that alleged retaliation. In the alternative, defendant argues that the National Labor Relations Board ("NLRB") has exclusive jurisdiction over matters that fall under the National Labor Relations Act ("NLRA"), which, it argues, plaintiff's claim of retaliation

does. Therefore, according to defendant, the claim should be dismissed for lack of subject matter jurisdiction. Finally, defendant argues plaintiff has failed to state a claim of unlawful discrimination under the ADA because he has not alleged sufficient facts to establish that he has a disability within the meaning of the ADA.

## II. Discussion

### A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant moves to dismiss plaintiff's claim of retaliation for lack of subject matter jurisdiction. Defendant has two alternative theories as to why plaintiff's claim should be dismissed. First, defendant argues plaintiff has not exhausted his administrative remedies with regard to his retaliation claim because it was not mentioned in the charges he filed with the EEOC and MCHR. Second, defendant argues, the claim constitutes an unfair labor act, which falls under the exclusive jurisdiction of the NLRB. After carefully reviewing plaintiff's complaint, the Court concludes defendant has misconstrued the basis of plaintiff's retaliation claim, and therefore finds defendant's motion to dismiss is not well-taken.

#### 1.     Exhaustion of administrative remedies

Defendant is correct that claims of retaliation under the ADA and ADEA must be exhausted.[1] Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) (exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA); Russell v. TG Missouri Corp.,

---

[1] In its memorandum in support, defendant has included a discussion of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 621, et seq. ("Title VII"). Nowhere in plaintiff's complaint is Title VII mentioned. Plaintiff did not select the Title VII box on the district's form complaint and he does not mention race, color, gender, religion, or national origin discrimination in the narrative of his complaint. There is nothing whatsoever to indicate that plaintiff is attempting to assert a claim under Title VII for retaliation or otherwise.

340 F.3d 735, 748 (8th Cir. 2003) (plaintiff must administratively exhaust retaliation claim under ADA prior to filing suit).  A plaintiff seeking to bring a claim of retaliation under the ADA or ADEA must have raised the retaliation claim in a charge filed with the EEOC or the appropriate state agency.  Id.  The Court, however, does not view plaintiff's allegations of retaliation as an attempt to state a claim of retaliation under the ADA or ADEA.

The ADA and ADEA prohibit, among other things, retaliation against employees who oppose any practices made unlawful by the statues, or who file charges or assert their rights under the statutes.  See 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a).  In order to state a claim of retaliation under these federal anti-discrimination statutes a plaintiff must show: (1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events.  Stewart v. Independent Sch. Dist. No. 196, 481 F.3d 1034, 1043 (8th Cir. 2007) (ADEA and ADA); Lewis v. St. Cloud State Univ., 467 F.3d 1133, 1138 (8th Cir. 2006) (ADEA).

There are no allegations in plaintiff's complaint that he engaged in statutorily protected activity under the ADA or ADEA other than he filed charges with the MCHR and EEOC, after he was fired.  Plaintiff is not claiming that defendant took adverse action against him based on protected activity under the ADA and ADEA.  Plaintiff clearly states in his complaint that defendant retaliated against him for filing a grievance about unpaid overtime.  See Doc. 1 at 5-6.  While plaintiff did not specifically refer to a particular statute or case law, this claim is more aptly classified as a claim of retaliation under the Fair Labor Standards Act ("FLSA") or Missouri wage and hour laws, see 29 U.S.C. § 215(a)(3); Mo. Rev. Stat. § 290.500, et al., see also Kasten v. Saint-Gobain Performance Plastics Corp., 131 S.Ct. 1325 (2011) (anti-retaliation provision of FLSA protects oral as well as

written complaints of violation of the Act), or as a claim of wrongful discharge in violation of state public policy, see Dooms v. First Home Sav. Bank, --- S.W.3d ---, 2012 WL 676385 (Mo. Ct. App. Mar. 1, 2012); Altenhofen v. Fabicor, Inc., 81 S.W. 3d 578 (Mo. Ct. App. 2002).[2]

In sum, the Court finds upon careful review of the complaint that plaintiff is not attempting to assert a claim of retaliation under the ADA, ADEA, or any other federal anti-discrimination statute that would require administrative exhaustion. Therefore, defendant's motion to dismiss plaintiff's claim of retaliation for failure to exhaust administrative remedies is denied, as the Court finds defendant has misconstrued plaintiff's retaliation claim.

### 2. NLRA preemption

As an alternative ground for dismissal, defendant argues plaintiff's claim of retaliation should be dismissed for lack of subject matter jurisdiction because to the extent plaintiff is claiming he was fired for filing an overtime grievance, this claim would amount to an alleged unfair labor practice that would fall within the exclusive jurisdiction of the NLRB. In support of its motion, defendant avers in its memorandum that there is a collective bargaining agreement ("CBA") between defendant and an unidentified union. Defendant also states without evidentiary support that the CBA contains provisions prescribing the grievance procedures and premium pay requirements for overtime work. Notably, a copy of the CBA was not attached to the memorandum. Defendant's motion to dismiss

---

[2]Plaintiff also alleges in his complaint that he was just 1.5 years away from his full retirement benefits and "[b]ecause I was unjustly terminated my retirement benefits would be reduced dramatically and I have no insurance benefits for me or my wife." See Doc. 1 at 6. Although it is less clearly stated, it appears plaintiff may also be attempting to state a claim of retaliation under 29 U.S.C. § 1140 of the Employee Retirement Income Security Act ("ERISA").

for lack of subject matter jurisdiction will be denied because defendant has not provided the Court with the proper documentation to support its motion.

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may either be a "facial" or "factual" attack." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.")  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true. See Titus, 4 F.3d at 593 & n.1.  Factual attacks, on the other hand, challenge subject matter jurisdiction irrespective of the allegations in the complaint.  Under a factual challenge, the district court is afforded the unique power to make factual findings which are decisive of its jurisdiction.  Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1140 (8th Cir. 1998), cert. denied, 526 U.S. 1098 (1999); Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).  Consequently, the Court is not limited to an inquiry into undisputed facts, but may it hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction. See Godfrey, 161 F.3d at 1140; Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897 (1981). Under a factual attack, the plaintiff bears the burden to prove that subject matter jurisdiction does in fact exist.  Osborn, 918 F.2d at 730.

Here, defendant appears to be making a factual attack under Rule 12(b)(1) because its motion is based entirely on matters outside the complaint – there is nothing in the complaint to indicate that plaintiff was a member of a union or that the terms of his employment was subject to a CBA.  That said, defendant has offered no extrinsic evidence in support of its motion. Its motion is based on

unsupported statements made in a memorandum. Unsupported statements of fact in a memorandum do not amount to evidence, and they are not properly considered in a Rule 12(b)(1) factual attack. Because defendant's motion does not have the proper support, the Court will treat the Rule 12(b)(1) motion as a facial attack to subject matter jurisdiction and consider only the allegations in the complaint. Based on the record properly before it, the Court cannot conclude that plaintiff's retaliation claim is in fact a claim of an unfair labor practice that would fall under the exclusive jurisdiction of the NLRB. Defendant's Rule 12(b)(1) motion to dismiss plaintiff's claim of retaliation based on the argument that the NLRB has exclusive jurisdiction over the claim is denied.

      B.     **Motion to Dismiss for Failure to State a Claim**

Defendant also argues in its motion to dismiss that plaintiff's claim of disability discrimination under the ADA should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that plaintiff failed to allege his ADA claim with an adequate level of specificity.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a

7

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Applying this standard, the Court finds plaintiff has failed to state a claim of disability discrimination under the ADA.

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state claim of discrimination under Title I of the ADA, a plaintiff must allege: (1) that he or she has a disability within the meaning of the ADA; (2) that he or she is qualified to perform the essential functions of the job, with or without reasonable

accommodation; and (3) that he or she suffered an adverse employment action due to a disability. Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 518 (8th Cir. 2011).

Plaintiff does not allege sufficient facts in his complaint to state a prima facie case of disability discrimination under the ADA. The ADA defines the term "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).  Plaintiff does not allege in his complaint that he has a physical or mental impairment, other than to state in the concluding paragraph that he has diabetes.  Moreover, there are no allegations that plaintiff's diabetes substantially limited him in any major life activity, that he had a record of such impairment, or that defendant regarded him as having such an impairment.  It is also fatal to his ADA claim that plaintiff has not alleged that defendant took adverse action against him, in other words terminated his employment, on account of his diabetes.  In sum, the Court finds plaintiff has failed to state a claim of disability discrimination under the ADA, and it will grant defendant's motion to dismiss on this ground.

### III.  *Appointment of Counsel*

Plaintiff moved for the appointment of counsel when he filed his complaint.  That motion was denied without prejudice as the Court found that appointment of counsel was not warranted at the time because there was no indication that the case was factually or legally complex or that plaintiff would be unable to present his claim.  The Court chooses to revisit the issue of appointment of counsel on it own motion.

Upon review of the file in this case, it appears the Court and plaintiff would benefit from the appointment of counsel.  Plaintiff has been granted leave to proceed in forma pauperis.  He has

alleged claims of age discrimination and retaliation, which have survived a motion to dismiss, and there may be other claims plaintiff is attempting to assert as well. Legal claims involving employment issues can be complex, and the allegations in the complaint may not be readily resolved on dispositive motion and may require a trial. The Court therefore concludes that plaintiff and the Court would likely benefit from the assistance of counsel in this case. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); Edgington v. Missouri Dept. of Corr., 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Saint-Gobain Containers' motion to dismiss is **GRANTED in part** and **DENIED in part.** Defendant's motion to dismiss is **GRANTED,** pursuant to Federal Rule of Civil Procedure 12(b)(6), to the extent plaintiff has failed to state a claim of disability discrimination under the Americans with Disabilities Act. In all other respects, defendant's motion to dismiss is **DENIED.** [Doc. 18]

**IT IS FURTHER ORDERED** that Brian M. O'Neal of the Law Firm McMahon and Berger, LLP, 2730 N. Ballas Road, Suite 200, St. Louis , MO 63131, telephone number (314) 567-7350, is hereby appointed as counsel for the plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

**IT IS FURTHER ORDERED** that appointed counsel shall file an amended complaint within 30 days of the date of this Order.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03**

and 12.06, the Administrative Order of May 5, 2010, concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated May 5, 2010.  The Order and Regulations, as well as form requests for compensation of services and reimbursement of expenses, may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this   24th   day of April, 2012.